United States District Court
Southern District of Texas
FILED

MAR 1 0 2000

Michael N. Milby, Clerk

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO ORTA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **C-00-103** |
| | § | |
| BJ SERVICES COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, CORPUS CHRISTI DIVISION.

BJ Services Company, Defendant in the above-styled and numbered cause, submits this Notice of Removal of the above-styled matter pursuant to the provisions of 28 U.S.C. § 1441 and as cause therefore would show the Court as follows:

1.   BJ Services Company is the sole Defendant in the civil action pending in the 79th Judicial District Court of Jim Wells County, Texas, styled *Gerardo Orta vs. BJ Services Company*, Cause No. 00-01-38223.   A copy of Plaintiff's Original Petition filed with the State Court is attached to this Notice, is incorporated herein by reference, and is made a part of this Notice of Removal.

2.   Plaintiff's Petition was filed on January 25, 2000.   Defendant first received Plaintiff's Citation and Petition on February 18, 2000, when they were served.   Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty days of receipt of the

initial pleading setting forth the claim for relief. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 119 S. Ct. 1322, 1328-29 (1999).

3.     The above described action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, in that the action involves federal questions arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Consequently, this cause of action is removable to this Court pursuant to 28 U.S.C. § 1441.

4.     Specifically, in Plaintiff's Original Petition, Plaintiff asserts claims that he was denied severance benefits because he was "not offered or provided a severance package." *Plaintiff's Original Petition* ¶ 32 attached as Exhibit 2.  Generally, a severance pay policy (like Defendant's Reduction-in-Force Plan) is an employee welfare benefit plan as that term is defined by ERISA. *Whittemore v. Schlumberger Technology Corp.,* 976 F.2d 922, 923 (5th Cir. 1992). ERISA defines a covered "employee welfare benefit plan" as one that provides ". . . (B) any benefit described in [§ 302(c) of the Labor-Management Relations Act]." 29 U.S.C. § 1002(1). Benefits under § 302(c) of the Labor-Management Relations Act include ". . . pooled vacation, holiday, severance, or similar benefits . . ." 29 U.S.C. § 186(c)(6) (emphasis added).  Other courts have similarly held that severance pay plans are ERISA welfare benefit plans. *See e.g., Reichelt v. Emhart Corp.,* 921 F.2d 425, 430 (2d Cir. 1990), *cert denied,* 501 U.S. 1231 (1991); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1502 (9th Cir.. 1985); *Guzman v. El Paso Natural Gas Co.,* 756 F. Supp. 994, 1003 (W.D. Tex. 1990).

5.     ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Vega v. National Life Ins. Servs., Inc.,* 188 F.3d 287, 291 (5th Cir. 1999). This preemption is construed broadly by the courts. *California Labor Standards Enforcement v.*

*Dillingham Constr.*, 117 S. Ct. 832, 837 (1999).  Consequently, because Defendant's Reduction-In-Force Plan is an ERISA plan and Plaintiff's claims assert that he was denied severance benefits and his other claims relate to that plan, this action is removable and Plaintiff's claims are pre-empted by ERISA.  *See* ERISA § 1144(a) (providing that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan . . ."); *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (explaining that ERISA's "pre-emption clause is conspicuous for its breadth [and] establishes as an area of exclusive federal concern the subject of every state law that 'relates to' an employee benefit plan governed by ERISA"); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 138 (1990) (quoting in part, *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 98 (1983) (advising that the "key to [ERISA's pre-emption clause] is found in the word 'relate to' [and that] Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause 'applicable only to state laws relating to subjects specifically covered by ERISA.'"); *Shaw*, U.S. at 96-97 (instructing that for ERISA pre-emption purposes, a "law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to the plan"); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 973 (5th Cir. 1991) (concluding that because claims related to an ERISA plan, case was properly removed); *Beaumont Neurological Hosp. v. Humana, Inc.*, 780 F. Supp. 1134 (E.D. Tex. 1991) (concluding, *intra alia*, that action involving common law contract claim relating to an ERISA plan was properly removed and that contract claim was pre-empted); *Juckett v. Beecham Home Improvement Products, Inc.*, 684 F. Supp. 448, 450-52 (N.D. Tex. 1988) (granting summary judgment on breach of contract claim relating to an ERISA plan on pre-

emption grounds); *see also*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

6.      Plaintiff has requested a jury, but a jury trial is not appropriate for ERISA claims. *See Calamia v. Spivey*, 632 F.2d 1235 (5th Cir. 1980) (holding that a plaintiff in an ERISA case is not entitled to a jury trial).

7.      In addition, Plaintiff's other state law claims alleged in his Original Petition fall within the pendant jurisdiction of this Court; or, alternatively, the claims under the laws or the United States are separate and independent claims, which would be removable if sued upon alone and, therefore, this entire case, including any state law claims are removable to this Court pursuant to 28 U.S.C. § 1441(c).

8.      The state court has not signed any orders.

9.      Pursuant to Local Rule 3K, Defendant has attached the following documents:

   (a)      all executed process in the case;

   (b)      all pleadings asserting cause of action;

   (c)      docket sheet;

   (d)      an index of matters being filed; and

   (e)      a list of all counsel of record, including addresses, telephone numbers, and parties represented.

8.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

9.      Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Defendant will also promptly file a copy of this

Notice of Removal with the Clerk of the 79th Judicial District Court of the State of Texas, Jim Wells County, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the above action, now pending against it in the 79th Judicial District Court of Jim Wells County, Texas, be removed therefrom to this Court.

Respectfully submitted,

WILLIAM JOHN BUX
State Bar No. 03456400
3400 Chase Tower
600 Travis Street
Houston, Texas 77002-3095
Telephone: (713) 226-1275
Telecopier: (713) 223-3717

ATTORNEY FOR DEFENDANT
BJ SERVICES COMPANY

OF COUNSEL:

LOCKE LIDDELL & SAPP LLP
David M. Gregory
State Bar No. 24007274
3400 Chase Tower
600 Travis Street
Houston, Texas 77002-3095
Telephone: (713) 226-1200
Telecopier: (713) 223-3717

## CERTIFICATE OF SERVICE

I do hereby certify that on this 10th day of March, 2000 a true and correct copy of the foregoing Defendant's Notice of Removal was served upon counsel for Plaintiff by placing the same in the United States Mail, Certified Mail, Return Receipt Requested, with proper postage affixed and addressed as follows:

Charles C. Smith
317 Peoples St.
Nueces Bldg., Suite 1011
Corpus Christi, Texas 78401

ATTORNEY FOR DEFENDANT

## INDEX OF MATTERS BEING FILED

1.      All executed process in the case

2.      All pleadings asserting cause of action

3.      All orders signed by the state judge

4.      Docket sheet

5.      List of all counsel of record, including addresses, telephone numbers, and parties represented

H1995A:223508-1
016863:0003
HOUSTON 015882/00010 507817v1

1

Case 2:00-cv-00103   Document 1   Filed in TXSD on 03/10/2000   Page 9 of 27

*Mail to Attorney*

**CITATION FOR PERSONAL SERVICE — ORIGINAL**

Cause No: 00-01-38223 CV

**CERTIFIED**

| | | | |
|---|---|---|---|
| GERARDO ORTA, Plaintiff(s) | § | IN THE DISTRICT COURT | ATTY. FOR PLAINTIFF: |
| VS. | § | 79TH JUDICIAL DISTRICT | CHARLES C. SMITH |
| | § | | 317 PEOPLES ST. |
| BJ SERVICES COMPANY , Defendant(s) | § | JIM WELLS COUNTY, TEXAS | NUECES BLDG., |

FILED AT 10 ____ O'CLK __ & M
R. DAVID HERRERO

SUITE 1011
CORPUS CHRISTI, TX.
78401

FEB 29 2000

CLERK DIST COURT, JIM WELLS CO., TEXAS
BY _____ DEPUTY

**THE STATE OF TEXAS**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

TO:     **BJ SERVICES CO. BY SERVING ITS REG/AGENT C.T. CORPORATION SYSTEMS, 811 DALLAS AVENUE, HOUSTON, TEXAS 77002,** Defendant, Greeting: You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty (20) days after the date of service of this citation before the Honorable 79th Judicial District Court of JIM WELLS County, Texas at the Courthouse of said County in Alice, Texas.

Said Plaintiff's Petition was filed in said court, on **JANUARY 25, 2000,** in this cause, numbered **00-01-38223 CV** on the docket of said court, and styled, **GERARDO ORTA, Plaintiff, vs. BJ SERVICES COMPANY , Defendant.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Alice, Texas, this **JANUARY 25, 2000.**

Attest:  *R. David Guerrero*, Clerk 79th Judicial District Court
Jim Wells County, Texas.

By: _____ Deputy.

---

**RETURN OF OFFICER**

Came to hand at _____ o'clock ____.m., on _____ day of _____, 19___, and executed (not executed) at _____ in _____ County, Texas, at _____ o'clock ___.m., _____ day of _____, 19___, by delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying ___ copy(-ies) of the Plaintiff's Original Petition. Cause of failure to execute this citation is

_____

Fees-Serving _____ cop__ $_____
Total _____ $_____
Fees paid by _____

_____, Sheriff/Constable
_____County. Texas
By _____, Deputy

**AUTHORIZED PERSON RETURN**

Came to hand at _____ o'clock ____ m., on the _____ day of _____, 19___ Executed at _____ in _____ County. Texas at _____ o'clock _____ day of _____, 19 ___, by delivering to _____, defendant, in person a true copy of the Citation together with the accompanying _____ copy(ies) of the Plaintiff's Original Petition attached thereto and I endorsed on said copy of this Citation the date of delivery. To certify which I affix my hand officially this _____ day of _____, 19 ___.

_____
Authorized Person - Printed Name

_____ County, Texas
By _____ Process Server

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on _____ day of _____, 19 ____.

Notary Public - State of Texas
In and for _____
Commission expires _____

TELEPHONE NO.
(361) 883-1055

TELECOPIER NO.
(361) 883-4041

## Charles C. Smith

ATTORNEY AT LAW

NUECES BUILDING • SUITE 1011
317 PEOPLES STREET • CORPUS CHRISTI, TEXAS 78401

February 2, 2000

Const. Jack Abercia
Constable of Harris County
P.O. Box 52578
Houston, Texas 77052-2578

      **Re: Gerardo Orta v. BJ Services Company**
             **Cause No. 00-01-38223**

Dear Const. Abercia:

      Please find enclosed one original and a copy of the citation with the Plaintiff's Original Petition in the above-referenced cause to be served on **C.T. Corporation Systems** at **811 Dallas Avenue, Houston, Texas 77002**. Also enclosed is a check in the amount of $50.00 for the service fee.

      I am enclosing a self-addressed stamped envelope ~~so~~ *None* that the citation can returned to our office for filing with the Court, after you have perfected service on the Defendant's registered agent.

      If you should have any questions concerning this matter, please do not hesitate to contact my office.

            Sincerely,

            Charles C. Smith

CCS/gc

Enclosures



# HARRIS COUNTY, TEXAS

## Official Receipt

| DATE | CUSTOMER NAME | RECEIPT # |
|------|---------------|-----------|
| 02/08/00 | CHARLES C. SMITH | C1006511 |
| | ATTORNEY AT LAW<br>317 PEOPLES ST STE 1011<br>CORPUS CHRISTI, TX  78401 | AMOUNT<br>50.00 |

| PAY TYPE | INVOICE # | DESCRIPTION | AMOUNT |
|----------|-----------|-------------|--------|
| CH | 0C0138223CV | Citation-Constable Pct 1 | 50.00 |
| | GERARDO ORTA VS BJ | SERVICES CO      60730100224301 | |

USER ID: DNUNEZ                BATCH ID: L301DN45

2

CVISPDF - www.fineio.com



CERTIFIED

CAUSE NO. 00-01-38223



FILED AT _____ O'CLOCK ___ M.
P._____ D GUERSE
JAN 2 5 2000
CLERK, DISTRICT COURT, JIM WELLS CO., TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| GERARDO ORTA, **PLAINTIFF** | * * * | IN THE DISTRICT COURT |
| VS. | * * | 79 TH JUDICIAL DISTRICT |
| BJ SERVICES COMPANY, **DEFENDANT** | * * * | JIM WELLS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **Gerardo Orta**, Plaintiff, complaining of **BJ Services Company**, and files this his Original Petition and would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level II pursuant to Rule 190.1 of the Texas Rules of Civil Procedure.

### II. VENUE

2. The venue is proper in Jim Wells County, Texas because the conduct and actions the subject of this Petition occurred in Jim Wells County, Texas, pursuant to C.P.R.C. § 15.002(a)(1)(2).

### III. JURISDICTION

3. Plaintiff would show the Court that this original petition is brought pursuant to the provisions of the Texas Codes Annotated, Labor Code §21.051 Discrimination by Employers.

4. Plaintiff seeks to enjoin Defendant, BJ Services Company, from discrimination on the basis of national origin and hostile work environment, with respect to the terms, conditions and privileges of his employment, which have, by action of Defendant, been in violation of the law. More specifically, this action seeks

1

to compensate Plaintiff for appropriate relief to which he is
entitled under the law.

## II.  **PARTIES**

5.    Plaintiff, **Gerardo Orta**, (hereinafter Plaintiff) is a 43-
year-old hispanic male who was employed by BJ Services Company as
a Service Supervisor.  Plaintiff is a citizen of the United States,
and at all times relevant to this petition was a resident of the
County of Nueces, State of Texas.

6.    Defendant, BJ Services Company, (hereinafter Defendant)
is an oil field service company and a business authorized to do
business in the State of Texas and believed by Plaintiff to be a
separate legal entity qualified to do business in the State of
Texas and is doing business in the State of Texas as an employer in
accordance with the Texas Labor Code.  Service of process may be
served upon its registered agent, **C.T. Corporation Systems at 811
Dallas Avenue, Houston, Texas 77002.**

7.    Whenever in this petition it is alleged that Defendant
did any act or thing, it is meant that Defendant, **BJ Services
Company**, its officers, agents, servants, employees or
representatives, did such an act or thing, and that at the time
such act or thing was done, it was done with the full authority or
ratification of Defendant, or was done in the normal and routine
course and scope of employment of Defendant, **BJ Services Company**,
its officers, agents servants, employees or representatives; or was
done in accordance with the policies and/or procedures of the
Defendant.

2

## V.  ADMINISTRATIVE PROCESS

8.    On January 19, 1999, Plaintiff filed a written charge of discrimination on the basis of national origin with the Equal Employment Opportunity Commission (EEOC) through the Corpus Christi Human Relations Commission.   Concurrently, the charge of discrimination is also deemed to have been filed with the Texas Commission on Human Rights (TCHR).

9.   On November 29, 1999, the Texas Commission on Human Rights issued a Notice of Right to Sue, for the national origin discrimination claim under Charge No. 36B-99-0088, which Plaintiff subsequently received.

10.  Plaintiff has exhausted his administrative remedies with EEOC and TCHR and has timely filed this action.

## VI.  FACTUAL BACKGROUND

11.  As a Service Supervisor, **Plaintiff** began his employment with BJ Services Company on or about October 26, 1980.   As a Service Supervisor, Mr. Orta was paid $4,250.00 monthly.

12.  Mr. Orta was one of four male Service Supervisors who worked at the BJ Services Company location at 2100 Industrial Site Road in Alice, Texas.   While there, Mr. Orta worked under his direct supervisor, John Patterson, Operations Supervisor, who had local responsibility for the Alice, Texas company.   As part of the organizational arrangement for personnel at Plaintiff's job site, he was one of four Service Supervisors.

3

13.   On or about December 18, 1998, Plaintiff was called into his supervisor, John Patterson's office for a meeting.   Also present in the office at that time was the District Manager, Bob McGuire for BJ Services Company.

14.   During the December 18, 1998 meeting, Plaintiff was informed by his supervisor, Mr. Patterson, that because of a downturn in business, Plaintiff would have to take a demotion and cut in pay.   Connected with Plaintiff's demotion and cut in pay, Rick Coleman, a white male and Field Supervisor with BJ Service Company was assigned to and placed into Plaintiff's position of Service Supervisor, at no loss of pay.   Plaintiff was informed that there was no need for BJ Services in Alice to keep four supervisors.

15.   Following this meeting, Plaintiff was informed that he was demoted to the position of Operator.   However, as an alternative, Plaintiff was informed by Mr. McGuire that he would provide help to Plaintiff by way of a severance package, which was provided to the other white Service Supervisor who was laid off.

16.   After 18 years with Defendant, Plaintiff was treated differently than similarly situated white males who had a lot less time than Plaintiff as a supervisor.   Nonetheless, Plaintiff was asked to take the weekend to think about the demotion to Operator.

17.   On Monday, December 21, 1998, Plaintiff approached his supervisor, Mr. Patterson and advised him that he was not interested in taking a demotion.   At that time, Mr. Patterson asked Plaintiff what he wanted if the demotion and cut in pay was not

4

acceptable.

18.  Plaintiff asked his supervisor Patterson if Plaintiff was eligible for a severance package offered or provided to similarly situated white males.

19.  On or about December 23, 1998, Mr. Patterson contacted Plaintiff and informed him that he was not qualified for a severance package because his name had not been put on a name list with the Human Resources office.

20.  As instructed on December 29, 1998, Plaintiff attempted to speak with the person in Human Resources for BJ Services Company who was in charge of the severance package qualifications, however that person was unavailable.  Afterwards, on or about December 30, 1998, Plaintiff was instructed by his supervisor, Mr. Patterson to come into his office and bring his credit cards with him.  At that time, Plaintiff was asked by Mr. Patterson again if Plaintiff would take a demotion and pay cut.

21.  Although Plaintiff performed his duties satisfactory, without prior warning, he was terminated on or about December 30, 1998 and not offered or provided a severance package.

## VII.  **FIRST CAUSE OF ACTION**

22.  Plaintiff repeats, realleges and incorporates herein as part of his First Cause of Action paragraphs 1 through 21 of this Petition, inclusive and in their entirety and further alleges:

23.  Defendant, through its employees, acted intentionally or recklessly, inflicted emotional distress upon Plaintiff in one or

5

more of the following respects:

24.   Plaintiff was subjected to harassment and humiliation.

25.   Plaintiff was subjected to a hostile work environment on account of, among other things, Defendant's conduct.

26.   The actions and conduct were extreme and outrageous, and caused Plaintiff severe, emotional and physical distress.

27.   The actions and conduct were extreme and outrageous, as well as a wanton disregard for Plaintiff's well being so as to constitute gross negligence so as to allow Plaintiff exemplary or punitive damages, all of which has caused Plaintiff severe, emotional and physical distress.

28.   Defendant's actions and conduct, through its employees, were harassing, oppressive and malicious.   The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.   Plaintiff therefore seeks exemplary damages.

## VIII.   SECOND CAUSE OF ACTION

29.   Plaintiff repeats, realleges and incorporates herein as part of his Second Cause of Action paragraphs 1 through 21 of this Complaint, inclusive and in their entirety, and further alleges:

30.   Plaintiff's treatment by the Defendant was in violation of the Texas Commission on Human Rights Act with respect to national origin discrimination.   The violation, as noted above, against Plaintiff can be shown in the following manner:

31.   Plaintiff is a member of a protected group of class by reason of his national origin, hispanic.

6

32.   Plaintiff was qualified to perform the duties for which he was hired, and performed his duties satisfactorily.   Even so, Plaintiff was treated differently than similarly situated white males on account of his national origin, for, among other things, he was disciplined and terminated for refusing to accept a demotion and not offered or provided a severance package.

### IX.   JURY DEMAND

Plaintiff hereby demands and requests a jury trial.

### X.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that Defendant be cited to appear and answer, and that on final trial Plaintiff have:

1.   Judgment against Defendant for a sum in excess of the minimum jurisdictional limits of this Court.

2.   Award Plaintiff actual damages for back pay and benefits, along with damages for physical and mental pain and suffering, including actual, compensatory and punitive damages in connection with those claims made herein pursuant to §21.2585 of the Texas Labor Code.

3.   Interest after judgment at the rate allowed by law.

4.   Attorney's fees and costs as provided by §21.259 of the Texas Labor Code.

5.   Past and future medical expenses.

6.   Pre-Judgment interest at the maximum rate allowed by law.

7.   Reinstatement, with back pay and benefits pursuant to

§21.258 of the Texas Labor Code.

8.    Judgment against Defendant for all other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Charles C. Smith
Attorney for Plaintiff
317 Peoples St.
Nueces Building, Suite 1011
Corpus Christi, Texas 78401
Telephone Number: (361) 883-1055
Facsimile Number: (361) 883-4041
State Bar Number: 18550210

8



CERTIFIED

NO. 00-01-38223CV



ED AT _____ O ___ OCK _____ M.
R. DAVID GUERRERO

MAR 1 0 2000

CLERK DIS COURT, JIM WELLS CO., TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| GERARDO ORTA,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | JIM WELLS COUNTY, T E X A S |
| BJ SERVICES COMPANY<br>Defendant. | §<br>§<br>§ | 79TH JUDICIAL  DISTRICT |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, BJ SERVICES COMPANY, files this Original Answer in this cause and would respectfully show the Court as follows:

I.

<u>General Denial</u>

1.      Pursuant to and as provided by Rule 92, Texas Rules of Civil Procedure, Defendant, BJ Services Company, general denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and, upon trial of this cause, will demand strict proof thereof.

II.

<u>Defenses and Affirmative Defenses</u>

2.      Defendant asserts, if such be necessary, that Plaintiff's claims are barred by limitations.

3.      Defendant asserts, if such be necessary, that Plaintiff's claims are barred because Plaintiff failed to exhaust all administrative remedies.

4.    Defendant asserts, if such be necessary, that Plaintiff's state law claims about the denial of a severance package are preempted by the Employee Retirement Income Security Act ("ERISA"), and are therefore barred.

5.    Plaintiff was employed solely in an at will capacity.  Plaintiff quit his employment when Defendant had available work for Plaintiff to do.  Defendant acted at all times in good faith and did not, and did not intend to, discriminate against Plaintiff.   Defendant had legitimate nondiscriminatory, non-pretextual business reasons for its employment actions involving Plaintiff.

6.    Plaintiff has failed to mitigate his damages, if any, and Defendant is entitled to an offset in the amount Plaintiff could have earned after his employment with Defendant.

7.    Plaintiff failed to inform Defendant of any alleged harassment, discrimination, or other improper or unlawful conduct, if any, and therefore Plaintiff's claims are barred.  Defendant had an established procedure for employees to make complaints about discrimination.  Plaintiff failed to make use of such procedure and did not make known to Defendant any claims of discrimination during the time of his employment with Defendant.

8.    Compensatory and punitive damages sought by Plaintiff are capped pursuant to statute.

III.

9.    Defendant reserves the right to amend its Original Answer as appropriate and in accordance with the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon final trial, Plaintiff, GERARDO ORTA, take nothing by way of his suit, that Defendant recover its costs

2

and attorneys' fees expended in this cause and for such other and further relief, either at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LOCKE LIDDELL & SAPP LLP

By: _____

WILLIAM JOHN BUX
State Bar No. 03546400
DAVID M. GREGORY
State Bar No. 24007274
600 Travis, Suite 3400
Houston, Texas 77002-3095
Telephone: (713) 226-1275
Telecopier: (713) 223-3717

ATTORNEYS FOR DEFENDANT BJ SERVICES COMPANY.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___9___ day of March, 2000, a true and correct copy of the foregoing Defendant's Original Answer has been served upon counsel for Plaintiff by placing the same in the United States Mail, Certified Mail, Return Receipt Requested with proper postage affixed and addressed as follows:

Charles C. Smith
317 Peoples St.
Nueces Building, Suite 1011
Corpus Christi, Texas 78401

_____
ATTORNEY FOR DEFENDANT

3

4

CMsPDF – www.fastio.com

**CERTIFIED**

| NUMBER OF CASE | FEE BOOK | | DATE OF ORDERS | | | |
|---|---|---|---|---|---|---|
| | Vol. | Page | Month | Day | Year | |

**NUMBER OF CASE:** 00-01-38223

**NAMES OF PARTIES:** GERARDO ORTA vs. BJ SERVICES COMPANY

**ORDERS OF C**

Was Stenographer Used

Filed on

Witness my official hand and seal of office, this

3-10-00

as appears
in my office

STATE OF TEXAS
COUNTY OF JIM WELLS

I, R. David Guerrero District Clerk of Jim Wells
County, Texas do hereby certify that the fore-
going is a true and correct copy of the original
record, now in my lawful custody and possession,

R. DAVID GUERRERO, District Clerk
Jim Wells County, Texas

By_____, Deputy

C

5

ClickPDF - www.fastio.com

## LIST OF COUNSEL OF RECORD

1.  Charles C. Smith
    State Bar No. 18550210
    317 Peoples St.
    Nueces Bldg., Suite 1011
    Corpus Christi, Texas 78401
    Telephone (361) 883-1055
    Telecopier (361) 883-4041
    Attorney for Plaintiff, Gerardo Orta

2.  William John Bux
    State Bar No. 03456400
    Locke Liddell & Sapp LLP
    3400 Chase Tower
    600 Travis Street
    Houston, Texas 77002-3095
    Telephone: (713) 226-1200
    Telecopier: (713) 223-3717
    Attorney for Defendant, BJ Services Company