UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 04 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| GERARDO ORTA, | * | |
|     PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. C-00-103 |
| | * | |
| BJ SERVICES COMPANY, | * | |
|     DEFENDANT. | * | |

## JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 26, Federal Rules of Civil Procedure, the parties have met and discussed the information as follows:

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

ANSWER: **A telephonic Rule 26 meeting was conducted on March 31, 2000 at 2:30 p.m., between Charles C. Smith, attorney for Plaintiff and David Gregory, attorney for Defendant.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

ANSWER: **There are no related cases.**

3. Briefly describe what this case is about.

ANSWER: **This is an employment discrimination case growing out of a reduction in the workforce. Defendant asserts that any denial of a severance package was justified because Plaintiff voluntarily decided not to accept a position offered by Defendant.**

8.

4. Specify the allegation of federal jurisdiction.

**ANSWER:** **Plaintiff contends that the Federal Court does not have jurisdiction of this case. Plaintiff further contends that the allegations in his civil action implicate State Court jurisdiction based upon a Texas Statute under the Texas Labor Code §21.051 Discrimination by Employers.**

5. Name the parties who disagree and the reasons.

**ANSWER:** **Defendant disagrees. Defendant contends that the allegations in Plaintiff's civil action should be raised in Federal Court because Plaintiff alleges original federal jurisdiction under 28 U.S.C. §1331, pursuant to 29 U.S.C. §1001 et seq.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:** **No additional parties will be included.**

7. List anticipated interventions.

**ANSWER:** **None.**

8. Describe class-action issues.

**ANSWER:** **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, state why not, and describe the arrangements that have been made to complete the disclosures.

**ANSWER:** **The parties will make the initial disclosures required by Rule 26(f) within 10 days of the Rule 16 Conference on or before Monday, April 24, 2000.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

**ANSWER:** **(1) No changes need be made in the timing form, or requirements for disclosures under subdivision (a) or local rules, and disclosures under (a)(1) will be made within ten days of the Rule 16 conference with the Court.**

        **(2) The subject on which discovery may be needed is the existence of an agreement to pay severance benefits to Plaintiff, the terms of Defendant's severance policy, the implementation of Defendant's workforce reduction plan, and the different positions offered to Plaintiff as a part of Defendant's workforce reduction plan; Plaintiff's employment or application for employment since he stopped working for Defendant; discovery should be completed by December 29, 2000; and there is no need to conduct discovery in phases or otherwise to limit discovery.**

        **(3) No changes should be made in limitations on discovery, and no other limitations should be imposed.**

        **(4) No other orders need be entered by the Court under subdivision (c) or under Rule 16(b) and (c).**

    B. When and to whom the Plaintiff anticipates it may send interrogatories.

**ANSWER: B. To Defendant by July 15, 2000.**

    C. When and to whom the Defendant anticipates it may send interrogatories.

**ANSWER: C. To Plaintiff by July 15, 2000.**

    D. Of whom and by when the Plaintiff anticipates taking oral depositions.

**ANSWER: Bob McGuire and John Patterson by August 8, 2000.**

    E. Of whom and when the Defendant anticipates taking oral depositions.

**ANSWER: Defendant intends to take Plaintiff's deposition by September 30, 2000. Defendant also intends to take the deposition of other witnesses designated by Plaintiff.**

F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER:** **Plaintiff will designate experts on or before October 20, 2000 and Defendant will designate its experts thirty (30) days thereafter.**

G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER:** **Plaintiff will depose Defendant's experts within 30 days after Defendant's designation of the same.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER:** **Defendant does not anticipate taking any expert depositions at this time, but would take the depositions of experts designated by Plaintiff within 30 days of Plaintiff's designation.**

11. If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** **All are agreed.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** **None.**

13. State the date the planned discovery can reasonably be completed.

**ANSWER:** **December 29, 2000**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER: After the parties have had an opportunity to conduct discovery, the parties are not opposed to mediation.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER: The parties agree to cooperate with discovery.**

16. From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonable suitable, and state when such a technique may be effectively used in this case.

**ANSWER: Mediation, after discovery has been completed.**

17. Magistrate Judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER: All parties do not consent.**

18. State whether a jury demand has been made and if it was made on time.

**ANSWER: If federal jurisdiction is retained pursuant to ERISA, Plaintiff is not entitled to a jury trial. Otherwise, a jury demand was timely requested in Plaintiff's Original Petition.**

19. Specify the number of hours it will take to present the evidence in this case.

**ANSWER: Approximately 24 hours - 2 to 3 days.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER: None**

21. List other motions pending.

ANSWER: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

ANSWER: None.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

ANSWER: **Plaintiff filed his Disclosures of Interested Parties on March 31, 2000. Defendant filed its Disclosures of Interested Parties on or about March 22, 2000.**

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

ANSWER:

<u>Attorney for Plaintiff:</u>

**Charles C. Smith
317 Peoples St.
Nueces Building, Suite 1011
Corpus Christi, Texas 78401
Telephone Number: (361) 883-1055
Facsimile Number: (361) 883-4041
State Bar No. 18550210
Admission No. 4312**

<u>Attorney for Defendant:</u>

William John Bux
LOCKE LIDDELL & SAPP, LLP
State Bar No. 03546400
Southern District of Texas Bar No. 7396
3400 Chase Tower, 600 Travis Street
Houston, Texas 77002-3095
Telephone No. (713) 226-1200
Facsimile No. (713) 223-3717

OF COUNSEL:

LOCKE LIDDELL & SAPP, LLP
David Gregory
State Bar No. 24007274
Southern District of Texas Bar No. 24397
3400 Chase Tower
Houston, Texas 77002
Telephone No. (713) 226-1200
Facsimile No. (713) 223-3717

Respectfully submitted,

*[signature]*

Charles C. Smith
Attorney for Plaintiff
317 Peoples St.
Nueces Building, Suite 1011
Corpus Christi, Texas 78401
Telephone Number: (361) 883-1055
Facsimile Number: (361) 883-4041
State Bar Number: 18550210
Admission Number: 4312

*[signature]* William John Bux w/permission

William John Bux
LOCKE LIDDELL & SAPP, LLP
3400 Chase Tower, 600 Travis
Houston, Texas 77002
Telephone Number: (713) 226-1200
Facsimile Number: (713) 223-3717
State Bar Number: 03546400
Southern District of Texas Bar No. 7396


OF COUNSEL:


LOCKE LIDDELL & SAPP, LLP
David Gregory
State Bar No. 24007274
Southern District of Texas Bar No. 24397
3400 Chase Tower
Houston, Texas 77002
Telephone No. (713) 226-1200
Facsimile No. (713) 223-3717