IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

DEC 18 2000

Michael N. Milby, Clerk

| | |
|---|---|
| GERARDO ORTA, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. C-00-103 |
| | § |
| BJ SERVICES COMPANY, | § |
| | § |
| Defendant. | § |

**DEFENDANT BJ SERVICES COMPANY'S MOTION TO STRIKE
PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES OR, IN THE
ALTERNATIVE, MOTION TO COMPEL WRITTEN EXPERT
REPORTS AND TO EXTEND BJ SERVICES COMPANY'S
TIME TO DESIGNATE RESPONSIVE EXPERT WITNESSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A-C) and this Court's Scheduling Order, Defendant BJ Services Company ("BJ Services") files this Motion to Strike the Designation of Plaintiff's Experts, and respectfully states the following:

### I.   Introduction

1.   Plaintiff is a former employee of BJ Services, who was demoted/reclassified due to a downturn in the oilfield industry in 1998. Plaintiff refused to accept available work and was ultimately terminated as a result. Plaintiff asserts that he was discriminated against based on his national origin, he was denied severance pay, and BJ Services' conduct resulted in intentional infliction of emotional distress upon him.

HOUSTON:015882/00010:593672v1

## II. Argument and Authorities

2. This Court entered its Scheduling Order on April 17, 2000. *See Judge Jack's April 17, 2000 Scheduling Order.* Paragraph 7 of Judge Jack's order states:

> Discovery shall end on <u>December 29, 2000</u>. **DESIGNATION OF EXPERTS**, by all parties, are due **40 DAYS** prior to the Discovery deadline. **RESPONSIVE EXPERTS** are due **20 DAYS** prior to the Discovery deadline. **Written Reports** that fully comply with Federal Rules of Civil Procedure 26(a)(2)(B) shall be due at the time of designation of each expert. Parties are ordered to file only proposed. . . . Hearings on expert testimony and/or qualifications (i.e. <u>Daubert</u> and <u>Markman)</u> shall be requested no later than the deadline for discovery.

*Judge Jack's April 17, 2000 Scheduling Order.* Accordingly, the due date for designation of experts was November 17, 2000, and the due date for responsive experts was December 8, 2000.

3. Plaintiff's Designation of Expert Witnesses was filed on November 20, 2000, according to the file stamp. *See Plaintiff's Designation of Expert Witnesses*, attached as <u>Exhibit C</u>. Plaintiff's counsel signed the Certificate of Service indicating that BJ Services' counsel was being served with a copy of the document by Certified Mail, Return Requested on November 20, 2000. *See* FED. R. CIV. P. 5(b); LOCAL RULE 5.4;

4. Not only was Plaintiff's Designation late according to the November 17, 2000 deadline, BJ Services' counsel did not receive a copy of Plaintiff's Designation of Expert Witnesses until December 11, 2000, which was three days after the deadline for BJ Services to file its Designation of Responsive Experts and Reports. *See Affidavit of David M. Gregory*, attached as <u>Exhibit A</u>; *Judge Jack's April 17, 2000 Scheduling Order.* Despite Plaintiff's Certificate of Service, Plaintiff's cover letter and the United States' postmark on the envelope both indicated that a copy of his Designation of Expert Witnesses was not mailed to BJ Services' counsel until December 8, 2000, the deadline for BJ Services' responsive Experts. *See Cover Letter and* Envelope *File Stamp* attached as <u>Exhibit B</u>.

5.  In addition to being late, Plaintiff's Designation does not comply with Federal Rule of Civil Procedure 30(a)(2)(B) or this Court's Scheduling Order because his designation was not accompanied by a written, signed report for each designated expert, containing the information required by Rule 30(a)(2)(B). *See* <u>Exhibit C</u>.

6.  Plaintiff merely states a one sentence phrase on each on his three Experts about what they will opine. *See* <u>Exhibit C</u>. This does not satisfy Rule 30(a)(2)(B).

7.  In summary, Plaintiff failed to timely designation his experts. Plaintiff failed to serve BJ Services as indicated by his counsel's signed Certificate of Service. *See* <u>Exhibit A</u>. Plaintiff did not serve, by mail, BJ Services until December 8, 2000, the day BJ Services' responsive experts had to be designated. *See* <u>Exhibit B</u>. BJ Services did not receive Plaintiff's Designation until December 11, 2000, three days after its deadline to designate responsive experts. *See* <u>Exhibit A</u>. Finally, Plaintiff failed to file the required written reports with his designation.

8.  BJ Services will be prejudiced by Plaintiff's late designation because BJ Services did not find out about Plaintiff's experts until after its time to respond had passed. *See* <u>Exhibit A</u>. Further, BJ Services still has not received a written report as required by Rule 30(a)(2)(B) on any of Plaintiff's experts. Pursuant to Federal Rule of Civil Procedure 37(c)(1), the Court should strike Plaintiff's designation of expert witnesses and preclude Plaintiff from presenting any expert testimony. Fed. R. Civ. P. 37(c)(1). ("A party without substantial justification fails to disclose information required by Rule 26(a), shall not, unless failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed."); *see e.g., Heidtman v. County of El Paso*, 171 F.3d 1038, 1040-41 (5th Cir. 1999).

## III.    Pray

WHEREFORE, Defendant BJ Services requests this Court to strike Plaintiff's Designation of Expert Witnesses.  In the alternative, BJ Services requests this Court to order Plaintiff to comply with Federal Rule of Civil Procedure 26(a)(2)(B) and to extend the time for BJ Services to Designate its responsive experts and the time for set hearings for <u>Daubert</u> and <u>Markman</u> motions past the discovery deadline of December 29, 2000.

Respectfully submitted,

By: _____
WILLIAM JOHN BUX
State Bar No. 03546400
So. Dist. of Texas Bar No. 7396
3400 Chase Tower, 600 Travis
Houston, Texas  77002-3095
713) 226-1275
(713) 223-3717 (Facsimile)

ATTORNEY IN CHARGE FOR
DEFENDANT BJ SERVICES COMPANY.

OF COUNSEL:

LOCKE LIDDELL & SAPP LLP
David Gregory
State Bar No. 24007274
So. Dist. of Texas Bar No. 24397
3200 Chase Tower
Houston, Texas 77002
Telephone: (713) 226-1200
Telecopier: (713) 223-3717

HOUSTON:015882/00010:593672v1

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that he contacted counsel for Plaintiff, Charles Smith, on December 15, 2000 regarding the subject matter of this Motion. Mr. Smith stated he is opposed to this Motion.

_____
David M. Gregory

## CERTIFICATE OF SERVICE

I hereby certify that a copy BJ Services Company's Motion To Strike Plaintiff's Designation of Expert Witnesses was served on this _15_ day of December, 2000 by United States Mail, Certified Mail, Return Receipt Requested upon the following:

Charles C. Smith
317 Peoples St.
Nueces Bldg., Suite 1011
Corpus Christi, Texas 78401

_____
David M. Gregory

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO ORTA, | § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. C-00-103 |
| BJ SERVICES COMPANY, | § § § | |
| Defendant. | § § | |

### AFFIDAVIT OF DAVID M. GREGORY

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, personally appeared David M. Gregory, who, after being duly sworn and identifying himself, upon his oath did state as follows:

"My name is David M. Gregory. I am an associate with the law firm of Locke Liddell & Sapp LLP and one of the attorneys representing BJ Services Company in the above styled and captioned matter. I am over the age of 21 and have never been convicted of a felony. I am fully competent to make this affidavit. The facts stated herein are true and correct and are within my personal knowledge.

I did not receive a copy of Plaintiff's Designation of Experts until December 11, 2000. The envelope, containing Plaintiff's Designation of Experts was postmarked December 8, 2000, not November 20, 2000."

Further, Affiant sayeth not.



David M. Gregory

HOUSTON:015882/00010:593825v1

SUBSCRIBED AND SWORN TO before me by David M. Gregory on this 15th day of December, 2000.

_____
Notary Public in and for
The State of T E X A S
My Commission Expires: 3-18-01

[Notary Seal: SYLVIA ANN DIAZ, NOTARY PUBLIC, STATE OF TEXAS, MY COMMISSION EXPIRES MARCH 18, 2001]

2

| TELEPHONE NO. | *Charles C. Smith* | TELECOPIER NO. |
|---|---|---|
| (361) 883-1055 | ATTORNEY AT LAW | (361) 883-4041 |

NUECES BUILDING • SUITE 1011
317 PEOPLES STREET • CORPUS CHRISTI, TEXAS 78401

December 8, 2000

David M. Gregory
**LOCKE LIDDELL & SAPP, LLP**
3400 Chase Tower, 600 Travis Street
Houston, Texas 77002-3095

    Re:    Gerardo Orta vs. BJ Services Company
              Civil Action No. C-00-103

Dear Mr. Gregory:

    Please find enclosed for your records and review a copy of **PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES** for the cause no. noted above.

    If you should have any questions regarding this mattter please do not hesitate to call my office.

Sincerely,

Charles C. Smith

CCS/mm

Enclosure



*Charles G. Smith*
ATTORNEY AT LAW
NUECES BUILDING • SUITE 1011
317 PEOPLES STREET • CORPUS CHRISTI, TEXAS 78401

77002x3095



David M. Gregory
**LOCKE LIDDELL & SAPP, LLP**
3400 Chase Tower, 600 Travis Street
Houston, Texas 77002-3095





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO ORTA | * | |
| PLAINTIFF | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. C-00-103 |
| | * | |
| BJ SERVICES COMPANY, | * | |
| DEFENDANT | * | |

### PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES

COMES NOW Plaintiff, **Gerardo Orta** through counsel, and files this his Plaintiff's Designation of Expert Witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**I.**

1. Economist, Elizabeth Ruble, 4455 So. Padre Island Drive, Suite 19A, Corpus Christi, Texas 78411, Telephone No. (361) 225-0220, Facsimile No. (361) 225-0267; has knowledge in regards to the lost wages and past and future benefits, including retirement and other benefits provided to management employees of Defendant.

2. Thomas E. Baker, Attorney at Law, 500 N. Water Street, Suite 1020, Corpus Christi, Texas 78405, Telephone No. (361) 888-4737. Mr. Baker has knowledge regarding the attorney's fees incurred in this case.

3. Helen Gurley, Assistant Director of Personnel Services, Corpus Christi Independent School District, 901 Leopard Street, Corpus Christi, Texas 78401; (361) 886-9200. Ms. Gurley has knowledge of personnel services.



## II.

This person has not been retained or specially employed to provide expert testimony in this case.

The Plaintiff reserves the right to amend his Designation of Expert Witnesses in the event they learn through discovery that additional experts are necessary.

Respectfully submitted,

Charles C. Smith
Attorney for Plaintiff
317 Peoples St.
Nueces Building, Suite 1011
Corpus Christi, Texas 78401
Telephone Number: (361) 883-1055
Facsimile Number: (361) 883-4041
State Bar Number: 18550210
Admission Number: 4312

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2000, a true and correct copy of Plaintiff's Designation of Expert Witnesses was sent to David M. Gregory, LOCKE LIDDELL & SAPP, LLP, 600 Travis Street, 3200 Chase Tower, Houston, Texas 77002, by Certified Mail, Return Requested.

Charles C. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARDO ORTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-103 |
| | § | |
| BJ SERVICES COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

CAME ON THIS DAY Defendant BJ Services Company's Motion to Strike Plaintiff's Designation of Expert Witnesses or, in the Alternative, Motion to Compel Written Expert Reports and to Extend the Time for BJ Services Company to Designate Responsive Expert Witnesses, and the Court having considered the motion, all responses thereto, and argument of counsel, finds that the motion has merit and should be GRANTED. Accordingly, it is, therefore,

ORDERED that Plaintiff's Designation of Expert Witnesses is struck.

SIGNED this _____ day of _____, 2000 in Corpus Christi, Texas.

_____
UNITED STATES DISTRICT JUDGE

HOUSTON:015882/00010:593672v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GERARDO ORTA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. C-00-103 |
| § | |
| BJ SERVICES COMPANY, § | |
| § | |
| Defendant. § | |

**ORDER**

CAME ON THIS DAY Defendant BJ Services Company's Motion to Strike Plaintiff's Designation of Expert Witnesses, or in the Alternative, Motion to Compel Written Expert Reports and to Extend the Time for BJ Services Company to Designate Responsive Expert Witnesses, and the Court having considered the motion, all responses thereto, and argument of counsel, finds that the motion has merit and should be GRANTED. Accordingly, it is, therefore,

ORDERED that Plaintiff file its written expert reports within five (5) days from the date of this order. It is further,

ORDERED that Defendant BJ Services has twenty days for the receipt of Plaintiff's experts' reports to file its designation of responsive experts.

SIGNED this _____ day of _____, 2000 in Corpus Christi, Texas.

_____
UNITED STATES DISTRICT JUDGE

HOUSTON:015882/00010:593672v1